## Cranmer *against* Hall.

A sale of land by the treasurer, which was seated at the time the taxes were assessed, is void; and upon a recovery of possession by the owner, the purchaser is not entitled to compensation for his improvements.

A treasurer's or commissioners' title for unseated land, does not confer upon the purchaser a possession upon which he may count in claiming title by the Act of Limitation: there must be actual possession.

ERROR to the Common Pleas of *Bradford* county.

Robert C. Hall and Gordon F. Mason against Samuel Cranmer, Jun. and others. This was an action of ejectment for two tracts of land, containing 800 acres, to which the defendants took defence, for one of the tracts. The original title was indisputably in the plaintiffs. The defendants claimed by virtue of an assessment of the land for taxes for the years 1813 to 1817 inclusive; a regular sale of it by the treasurer, in 1818, to the commissioners, and by them regularly charged with taxes until 1826, when it was sold to John Irvine, who then went into possession, and whose title, by several mesne conveyances, became vested in the defendants. The plaintiffs, in answer to this, proved that the land was not unseated for those years, but was assessed in another name as seated land, and the taxes paid. The defendants then relied upon the limitation of five years, provided by the Act of 1804, and upon the Statute of Limitations, after 21 years' possession, contending that the purchase of 1818 by the commissioners, and the charge of taxes against the land in their books, from that period, conferred such a legal possession as that the statute would then begin to run against the real owner, and enured to the benefit of the defendants.

Conyngham, President, in answer to these propositions, instructed the jury that if the land was not unseated, the sale to the commissioners was void, and the limitation contained in the Act of 1804 had nothing to do with the subject. That an actual possession for 21 years was necessary to give title, and the commissioners of the county could claim no exemption from this construction of the Act. If, therefore, the land was seated when the taxes for which it was sold were payable, the defendants had no title.

*Case*, for plaintiff in error, argued that an ejectment would lie at any time since 1818 by the plaintiffs; that the commissioners' title was peculiar, and they had such a legal possession as enured to the benefit of the defendants, and was to be added to their actual possession, by which they were protected; but that the 3d section of the Act of 1804 limited the claim of the plaintiffs to five years

[Cranmer v. Hall.]

and was intended to provide for such cases as this.    3 *Watts* 106;
2 *Penn. Rep.* 162, 503.

*Williston, contra.*  This land was not unseated.  The jury have
found that fact; and it is clearly settled that therefore the sale is
absolutely void.  2 *Watts & Serg.* 107.  There is an end, then, of
any inquiry into the plaintiff in error's title, for this principle
governs every question in the cause.  If the sale was void, clearly
the Act of 1804 has nothing to do with it.  Nor can a void sale
add to the number of years of their actual possession.

The opinion of the Court was delivered by
ROGERS, J. — The principal point of inquiry, upon the trial,
appears to have been, whether at the time the taxes, for which
the land was sold, were assessed, viz. from the year 1813 until
1817, inclusive, and particularly the latter year, the property in
controversy was a seated tract.  It seems to have been conceded
that at one time it was a seated tract; but it was insisted by the
defendants that it had been abandoned by the owners, and that in
the year 1817, particularly, it was unseated, and as such was
properly sold for payment of the tax of that year.  The court,
after charging the jury in a manner to which no exception has been
taken, left this fact, which was the turning point of the cause, to
be decided by the jury; and after the verdict, we are to take it
that the tract was seated at the time of the assessment and sale,
and that consequently the treasurer's sale was totally void.  And
this renders the point raised on the bill of exceptions of no conse-
quence in the trial, as the evidence admitted only bears on the
question of compensation for the value of the improvements; and
this being a seated tract, the value of the improvements does not
enter into the case.  In *M'Kee* v. *Lamberton*, (2 *Watts & Serg.* 114),
it is held that in no case whatever is the purchaser entitled to
compensation for his improvements made on lands purchased at a
sale for taxes, where the land was seated at the time of the assess-
ment and sale.  The sale of such land is altogether unauthorized
and void, and passes no title or colour of title; it being unseated
lands only which the Acts of Assembly authorize to be assessed
and sold for the payment of taxes.  The assessor has no jurisdic-
tion to charge seated land with taxes, the remedy being to recover
the taxes, in such cases, from the owner or occupier personally.
The finding of the jury also disposes of the third error.  Whe-
ther the five years' limitation, in the Act of 1804, relating to the
sales of land for taxes, be extended to the case of sales under the
Act of 1815, a question mooted in the argument, does not affect
the case, if, as has been found by the jury, the sale to the commis-
sioners be void.  The provisions of these Acts can only apply to
sales of unseated lands, where the assessors and commissioners

[Cranmer v. Hall.]

have jurisdiction over the subject-matter of the assessment and sale. 2 *Watts & Serg.* 114.

But was there such a possession and occupancy as will sustain the defendants in holding by virtue of the Statute of Limitations? The property was sold in 1818, but no actual possession was taken until the year 1826, and the suit was brought in 1840, less than 21 years thereafter. Until 1826 there was no person in possession against whom the plaintiff could bring his action, and consequently until that time the Statute of Limitations did not begin to run. This question has been already considered in two cases, *Parish* v. *Stevens,* (3 *Serg. & Rawle* 299); and in *Waln* v. *Shearman,* (8 *Serg. & Rawle* 364). In the former case it is held, that on a sale of unseated lands for taxes, if no tenant is on the land, the law will presume the purchaser for taxes to be in possession. But in the latter case a contrary doctrine is held. The statute does not begin to run, as is there decided, until the purchaser enters into actual possession.

To bar a right of entry under the Act of Limitations, there must be an adverse possession of 21 years. Before the Act of the 29th of March 1824, the purchase itself did not put the purchaser in possession, so as to authorize an action of ejectment by the owner to recover the land sold. There must be some act done before a suit can be brought against the purchaser.

Judgment affirmed.