# Wallace *against* Scott.

A tract of land ceases to be unseated as soon as it is actually occupied with a view to permanent use; and that occupation may be said to commence with the moment of entry for the purpose of clearing the land.

ERROR to the Common Pleas of *Clearfield* county.

Robert Wallace against John Scott and George Scott. Ejectment for a tract of land. The plaintiff claimed under a title made by the treasurer in pursuance of a regular assessment of taxes for the years 1828–9 and '30. The ground of defence was, that the land was not unseated; and in support of this, the proof was by a witness " that he entered upon the land in 1828, and chopped timber, and made a beginning of a clearing. In 1829 he cleared it off, fenced it, and put in a crop; in 1830 he went to it to reside The land was not assessed in his name until he resided upon it."

[Wallace v. Scott.]

WOODWARD (President) instructed the jury that the plaintiff had shown a regular title, which must prevail unless the land was seated; and whether seated or not was a matter of fact for the determination of the jury; that land may be said to be seated when there is a residence upon it, though it be not cultivated; and when it is cultivated, though there be no residence; that a settlement is not the work of a day, nor does it consist of a single act, but it requires time and succession of acts to complete it; and if the object in view be pursued with reasonable diligence, the settlement commences with the commencement of the labour.

This charge was the subject of exception.

*Wallace,* for plaintiff in error, cited 10 *Serg. & Rawle* 256; 6 *Watts* 272; 8 *Watts* 548; 5 *Watts* 13; 5 *Watts & Serg.* 360.

*Blanchard,* contra, cited 4 *Watts & Serg.* 338; 1 *Watts* 503; 6 *Watts* 269.

PER CURIAM.  Residence with or without cultivation, or cultivation with or without residence, stamps a new character on the tract; but when does residence or cultivation begin?  It was said in *Campbell* v. *Wilson,* (1 *Watts* 144), to begin at the moment of entry.  A tract ceases to be unseated as soon as it is actually occupied with a view to permanent use as the property of the occupant.  The settlement of an improver, which includes residence, begins with the first stroke of the axe; and it would be strange if a tract settled for purposes of title, might be deemed unseated for purposes of taxation.  It is enough that the occupant holds himself to the world as the owner, and as such personally chargeable for the taxes.  The direction, therefore, was entirely proper; and it is immaterial to inquire whether the prior treasurer's deed, pursuant to an adverse commissioner's sale, were properly admitted; for the plaintiff was concluded without it.

Judgment affirmed.