# Floyd, Appellant, *v.* Kulp Lumber Company.

*Ejectment—Tax title—Seated and unseated lands—Question for jury.*

In an action of ejectment where the defendant relies on a tax sale of the lands as unseated lands in a particular year, and the plaintiffs claim that the lands were assessed on the seated list as well, and therefore exempt from sale as unseated lands, and the defendant claims that the lands on the seated list, although of the same acreage, and in the name of the same owner, were different lands, the disputed question is for the jury, and a verdict and judgment for the defendant will be sustained in the absence of any error as to rulings on evidence or instructions to the jury.

Argued April 18, 1910. Appeal, No. 155, Jan. T., 1909, by plaintiffs, from judgment of C. P. Huntingdon

Co., May T.,, 1907, No. 11, on verdict for defendant in case of J. B. Floyd et al. v. Kulp Lumber Company. Before BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Ejectment for lands in Jackson township. Before SHULL, P. J., specially presiding.

The facts appear by the former report of the case in 222 Pa. 257, and in the opinion of the Supreme Court, infra.

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* were various rulings on evidence and instructions.

*James S. Woods*, with him *W. H. Woods,* for appellants.

*W. M. Henderson*, with him *A. Reed Hayes*, for appellee.

PER CURIAM, May 16, 1910:

On the first trial of this case a verdict was directed for the plaintiffs. The judgment on it was reversed because we held that it was a question for the jury whether the property claimed by the defendant under a tax sale of it as unseated land was the same tract that was assessed the same year as seated land. If it was on the seated list, it was exempt from sale as unseated land: Floyd v. Kulp Lumber Co., 222 Pa. 257. On the second trial nothing was developed that changed the situation, and the case was submitted under instructions and answers to points which were free from error. The same is true of the rulings on offers of evidence. There is nothing in the assignments calling for any discussion, and the jury having found that the tax sale of the property as unseated land passed a good title under which the defendant holds, the judgment on the verdict is affirmed.