## JACOB TRUBY *v.* SEBASTIAN SEYBERT.

If a party or his counsel, in his defence, make a concession of a truth within the knowledge of the party, which consists of an assertion pertinent in another issue with another plaintiff, the record of the first suit as introductory to the concession, and the concession, though proved by parol, are good evidence for the new plaintiff.

ERROR to the Common Pleas of Armstrong.

This was an action of ejectment, brought by Sebastian Seybert against Jacob Truby, to recover 100 acres of land, being the settler's part of the Samuel Campbell warrant, which Truby had entered into articles with Seybert to sell to him.

Truby derived his title to the land in dispute from a sheriff's sale of three hundred acres, in a certain case of Truby *v.* McIntyre and others.

The defence set up by Truby to this action was, that the survey upon the ground, under the Samuel Campbell warrant, excluded the forty acres, the land really in dispute, embraced in a survey of the settler's part, made long after the original survey of the whole tract warranted.

To meet this, the plaintiff offered evidence to show that the Samuel Campbell survey, as made upon the ground, included the land in dispute; and for that purpose further offered the record of a suit, Charles Campbell *v.* Jacob Truby (the defendant here), which was an action of debt on a bond, to which was pleaded payment, &c., and in which the verdict was for the plaintiff, to be followed by proof that the defence in said action was, " that the bond was given in part payment for the purchase by Truby of certain land, and that part of said land, as appeared by the return of survey on the Samuel Campbell warrant, to the extent of 41 acres (being the land here in dispute), was embraced in that survey." This offer was made for the purpose of showing that, on that occasion, which was seven years after the sale to Seybert, Truby contended that the Samuel Campbell warrant embraced the now disputed portion of the settler's part of that warrant. To the record and offer Truby objected, and the objection being overruled, the evidence was received under exception.

The verdict was for the plaintiff. The error assigned here was to the admission of the evidence excepted to.

*Purviance* and *Lee*, for the plaintiff in error.—Seybert was

neither party nor privy to that record; it was as to him *res inter alios*. No one can be bound by a verdict or judgment to which he was a party, and to which his adversary was not a party. Truby could not have used the verdict had it been different. The question of fact in that case is *res nova* in this: 1 Stark. Ev., ed. 1842, pp. 254, 257, 261; Gilbert's Ev. 31.

Truby's defence in that action was no admission; it was manifestly not made independently, because true, but only as a convenient assumption for the purpose in hand: 1 Greenl. Ev., § 204. It is to be treated as the mere suggestion and allegation of counsel: Owens *v.* Dawson, 1 Watts, 150.

*Phelps,* for the defendant in error.—It is to be presumed that Truby would not have made any admission against his interest, unless it was true. The record was admissible without Seybert being a party to it. A record admission or judicial declaration is admissible against the party making it in favour of a stranger to the record: 1 Greenl. Ev. §§ 527, 539, 195; Starkie Ev., Part 2, § 113; 1 Watts, 150; McClelland *v.* Lindsay, 1 W. & S. 360.

The opinion of this Court was delivered by

BELL, J.—The proceeding had in Campbell against Truby being *inter alios acta,* the record of the trial, verdict and judgment was not, of course, admissible in this action to prove any fact upon which that judgment professes to be founded. Seybert, the plaintiff below, could not have been in any event prejudiced by the verdict there rendered, and therefore, under the familiar rule, he cannot avail himself of it, standing alone against his antagonist; for, as between them, the question is *res nova,* although the title in dispute may turn on the same point: 1 Stark. Ev., ed. of 1834, 220. To operate, of itself, as a bar, a judgment must be between the same parties or privies. But though the parties be different, a record is admissible to prove the existence of a former action with its legal consequences, as an independent fact; for the mere fact that such a suit was brought and a verdict and judgment rendered, it is said, cannot be considered as *res inter alios acta.* Where, therefore, the introduction of a former judgment is necessary by way of inducement to the full understanding of a collateral fact, or the admissions and allegations of a party to it, the record is always received, not only as legal evidence of the rendition of such a judgment, but as conclusive for that purpose; for it must be presumed the Court

made a faithful record of its own proceedings. Thus, a record may be shown, though the parties are not the same, to let in proof of what was sworn at the trial: 1 Greenl. Ev. § 527. So, also, it is admissible against one of the parties in favour of a stranger, as containing a solemn admission or judicial declaration by such parties, in regard to any particular fact. But in these instances, it is received, not as an adjudication conclusively establishing the fact, but as the declaration or admission of the party himself, that the fact is so: Id. § 537. As an illustration of this rule, the case of Tyley v. Cowling, 1 Ld. Ray. 744, S. C. Bull. N. P. 243, may be cited. It was trover by a common carrier against a person to whom he alleged he had delivered the goods intrusted to him to be carried, and Lord Holt laid it down that the record of the action would be admissible in a subsequent suit to be brought by the owner against the carrier, as showing the confession of the latter in a court of record that he had been put in possession of the plaintiff's goods. So in trespass, *quare clausum fregit*, brought by one who claimed by disseisin, against the grantee of the disseisee's heirs, it was held the plaintiff might give in evidence a writ of right sued by the heirs against him, as their declaration and admission of the disseisin of their ancestor, and that the plaintiff was then in possession: Robinson v. Street, 3 Greenl. R. 316. To the same purpose is Craigin v. Carleton, 8 Shepley, 492, where the record of a judgment by default, suffered by two sued as partners, was received as competent evidence of a confession of partnership, in a subsequent action brought against them by a third person. I may add to these authorities our own case of McClelland v. Lindsay, 1 W. & S. 360, in which a plea in abatement, for non-joinder of parties, was treated as a confession of partnership existing between the persons named in the plea in a subsequent action, in which the same defendant was alone summoned. It is not to be doubted it would have been deemed equally available had the second action been at the suit of a stranger. The rule deducible from these authorities is thus stated by Mr. Greenleaf: " The allegations in the declaration and pleadings, in a suit at law, are receivable in evidence against the party in a subsequent suit between him and a stranger, as his solemn admission of the truth of the facts recited, or of his understanding of the meaning of an instrument, though the judgment could not be made available as an estoppel, unless between the same parties or others in privity with them:" 1 Greenl. § 195. The same effect is accorded to an answer in chancery, as an instru-

ment of evidence deriving its value solely from its character of a confession or admission: Eiser *v.* Ambrose, 6 D. & R. 127; 10 Eng. C. L. R. 220; Grant *v.* Jackson, Peake's C. 203; Digby *v.* Steele, 3 Camp. 115; though a bill in chancery is not admissible, because, as it is said, many of the facts are the mere suggestions of counsel, made for the purpose of extorting an answer from the defendant: Owens *v.* Dawson, 1 W. 149; and for a similar reason cases stated for the opinion of the Court are also excluded: McLugan *v.* Bovard, 4 W. 313; Darlington *v.* Gray, 5 Wh. 502; Hart's Appeal, 8 Barr, 37.

In the case at bar, the record in question was offered, not as an estoppel, but to show the fact of its existence, and as introductory to the oral evidence. We have seen it was competent for this purpose, and had the defence made in that action been put upon the record by a special plea, as it might have been, no doubt could be entertained of its availability to show the allegation as a truth averred by the defendant in relation to the point now in controversy. But what possible difference can it make in the determination of the question of evidence, that the party chose rather to introduce his defence under the general issue, with notice, as is permitted by the liberality of our practice? I can perceive none. A declaration or confession, made in or out of a cause, may be proved *per testes*, as well as by record, the only difference being in the degree of credit which the mode of proof may command. Indeed, much of the material of evidence in ordinary practice is made up of admissions *in pais*, or as established by witnesses; for the general rule is—and it has few exceptions—that a man's acts, conduct, and declarations, wherever made, provided they be voluntary, are admissible against him, as it is fair to presume they correspond with the truth; and it is his fault if they do not. The principle of *res inter alios acta*, is never permitted to exclude such proof, proceeding either immediately from the party himself or authorized or assented to by him: 1 Starkie's Ev. 60. These depend for their value not upon the contest in which they occurred, but upon the fact that they proceeded from the party to be affected by them; and he is equally bound by the concessions of those authorized to represent him. Thus, the concessions of attorneys of record bind their clients in all matters relating to the trial and progress of the cause: 1 Greenl. § 186; and this is also true of an admission before suit brought, provided the attorney was then retained in the cause: Marshall *v.* Cliff, 4 Camp. 133. In Young *v.* Wright, 1 Camp.,

an admission by a deceased attorney of record, that a bill of exchange sued was an accommodation bill, in order to excuse the want of notice of dishonour, was admitted by Lord Ellenborough, on a new trial, as evidence of the fact, with the observation that it must be supposed the attorney had authority to make the concession, and it therefore bound the client. So in Wetherill *v.* Bird, 7 C. & P. 6, 32 E. C. L. R. 415, the admission of former attorneys, who had since withdrawn from the case, in contemplation of a trial, was received on the second trial of the cause, though notice had been given that the agreement for that purpose was withdrawn. It is true, it has been ruled that what an attorney says in the course of casual conversation, relating to the controversy, is not evidence. The reason of the distinction is founded in the nature and extent of the authority given: the attorney being constituted for the management of the cause in court, and, in England, for nothing more. It is not necessary further to elaborate this train of reasoning. Enough has been said to show that the line of defence assumed by the defendant, through his counsel, on the trial of the action brought against him by Campbell, consisting of an assertion directly pertinent in the present inquiry, was good evidence for the now plaintiff, as the concession of a truth within the knowledge of the party.

Judgment affirmed.