## Commonwealth *v.* Brady, Appellant.

*Criminal law—Larceny—New trial—After-discovered evidence.*
  It is incumbent on parties who move for a new trial on the ground of newly discovered evidence to satisfy the court—first, that the newly discovered evidence be such as could not, with reasonable diligence have been discovered and produced at the trial; second, that it be not merely cumulative; and third, that it is such as to render a different result probable in the retrial of the case.
  On the trial of an indictment for larceny, a motion for a new trial on the ground of alleged after-discovered evidence is properly refused, where such evidence consists only of depositions of a witness that his testimony when taken at the penitentiary, after the trial, differed in some important particulars from that given by him on the witness stand. Such witness stands discredited by his own testimony, and would be open to the same criticism as that given on the first trial. There could be no certainty as to his persisting in his second statement, or that the witness would not again change his mind.

Argued March 9, 1921.   Appeal, No. 26, Oct. T., 1921, by defendant, from judgment of Q. S. Monroe County, Sept. Sessions, 1920, No. 29, on verdict of guilty in the

488, (1921).]     Statement of Facts—Opinion of the Court.
case of Commonwealth of Pennsylvania v. Andrew J.
Brady.     Before ORLADY, P. J., PORTER, HENDERSON,
TREXLER, KELLER and LINN, JJ.     Affirmed.

Indictment for larceny of an automobile.     Before
SHULL, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty on which judgment of sentence was
passed.     Defendant appealed.

*Error assigned* was refusal of the court to grant a new
trial on the ground of after-discovered evidence.

*James W. Fox,* and with him *Claude C. Shull,* for ap-
pellant.

*Chester H. Rhodes,* District Attorney, for appellee.

OPINION BY ORLADY, P. J., April 18, 1921:

The question involved, as presented by the appellant,
is whether there was an abuse of discretion by the court
below in refusing a motion for a new trial (a—because
the verdict was against the weight of the evidence; b—
because the principal witness for the Commonwealth
after the trial made statements indicating that his testi-
mony at the trial was untrue).     The trial was conducted
with such fairness that no exception was taken to the
charge of the court, and in discharging the rule for a
new trial, and in denying the motion in arrest of judg-
ment, the whole question was very carefully considered.

Appellant's counsel urges the second proposition as to
after-discovered evidence as being the controlling one,
and that a new trial should have been granted for that
reason alone.     It is incumbent on the parties who move
for a new trial on the ground of newly discovered evi-
dence to satisfy the court—first, that the newly discov-
ered evidence be such as could not, with reasonable dili-
gence have been discovered and produced at the trial;

second, that it be not merely cumulative; third, that it is such as to render a different result probable on the re-trial of the case: Spencer v. State, 46 L. R. A. 903 (new series). The alleged after-discovered evidence upon which the appellant relies, cannot be more than cumulative. No new witness or independent fact is mentioned, and the farthest the depositions go, is that it tends to impeach the testimony of one of the witnesses, so that at another trial it would be nothing more than a resubmission of the testimony on its credibility. The fact that the depositions show his narrative when taken at the penitentiary after the trial, differed in some important particulars from that given by him on the witness stand, is not sufficient, and this alleged change of testimony coming from such a source would not likely induce any other finding than that formerly given. The witness on whom the appellant relies stands discredited by his own testimony, and would be open to the same criticism as that given on the first trial. Nor could there be any certainty as to his persisting in his second statements; there is also inherent improbability, or at least inconsistency in his alleged reformed utterances. Neither does it appear with any reasonable certainty that the alleged new evidence would be produced at a new trial, or any assurance that he would not again change his mind.

The assignments of error are overruled, the judgment is affirmed, and the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.