## Murphy *v.* Wolverine Express, Inc., Appellant et al.

Argued April 11, 1944. Before Keller, P. J., Baldrige, Rhodes, Hirt, Kenworthey, Reno and James, JJ.

*Robert M. Gilkey,* for appellant.

*E. V. Buckley,* of *Mercer & Buckley,* for appellee.

OPINION BY BALDRIGE, J., July 15, 1944:

The plaintiff, Rev. James F. Murphy, brought suit to recover property damages and for personal injuries sustained on Sunday afternoon, March 16, 1940, alleged to have been the result of the negligent operation of a truck owned by Donald Kuhlman, leased to the Wolverine Express, Inc. and driven by Charles McFeaters. The trial resulted in a verdict of $1,996.37 for the plaintiff against the Wolverine Express, Inc. only, one of the three defendants. The court refused a motion for judgment n. o. v. but entered an order granting a new trial on the ground that the verdict was against the weight of the evidence, which showed that at the time of the accident McFeaters was not engaged in the business of his employer.

Wolverine Express, Inc. operates a fleet of trucks and is certificated as a common carrier in Ohio, and apparently in some other states, but not in Pennsylvania. McFeaters, one of the Wolverine drivers, on Saturday, the day before the accident, was in Youngstown, Ohio, where he detached the truck tractor from a loaded semitrailer and drove to his home near Grove City, Pennsylvania, a distance of about 30 miles, to spend the night. Upon his return trip to pick up his load, which was to be delivered to Grand Rapids, Michigan, a collision occurred about 4 miles east of Sharon, Pennsylvania.

The plaintiff alleges that the evidence shows that it was the custom of McFeaters to take long trips, lasting

5 or 6 days, and that during these periods the truck was in his custody and he was responsible for all equipment, accessories, etc; that when he had a layover and was in need of sleep he usually would detach the trailer and drive to a hotel, which at times was quite a distance from where he left the trailer.

There was no denial that the negligent operation of the car was the cause of the collision, nor was the plaintiff charged with being guilty of contributory negligence. The defense was that at the time the collision occurred McFeaters was not upon the business of his employer. The burden was upon the plaintiff to prove that the Express Company was the owner of the truck and that the driver was its employe, and at the time of the accident he was in the course of his employment. The plaintiff made out a prima facie case by showing the trailer was a business vehicle with the name of the Wolverine Express Inc. appearing on it in letters 3 to 4 inches in height. That proof required the case to be submitted to the jury notwithstanding uncontradicted oral evidence was produced by the employer that the vehicle was not being used for its purpose when the collision occurred. The use of a business vehicle is presumed to be for its owner and when damage has been caused by its negligent operation an issue of fact is raised for the jury's consideration.

In *Holzheimer et ux. v. Lit Brothers,* 262 Pa. 150, 152, 105 A. 73, suit was brought to recover for injuries to the wife plaintiff, who was knocked down by an automobile delivery truck belonging to the defendant. The defense was that it was driven by a total stranger, who without the permission or knowledge of the owner was using it for his own purposes. The lower court gave binding instructions for the defendant. This was held to be error. There was no direct evidence as to the ownership of the truck, but there was, as here, proof that it bore the name of the defendant company. The

Supreme Court stated pp. 152, 153: "This was sufficient to establish not only a prima facies that the defendants were the owners of the truck, but also that it was then in charge of their servant or employee. This was presumptive evidence, and as has frequently been ruled, was quite sufficient to carry the case to the jury. As a presumption it was of course rebuttable, but this does not mean that it had any less probative force than it would have had had it rested on direct evidence. It shifted the burden of proof as to this one issue so that the burden rested thereafter upon the defendant." *Gojkovic v. Wageley*, 278 Pa. 488, 490, 123 A. 466; *Hartig v. American Ice Co.*, 290 Pa. 21, 137 A. 867; *Readshaw et ux v. Montgomery*, 313 Pa. 206, 208, 169 A. 135. The court would not have been warranted in withdrawing this case from the consideration of the jury.

There was a further complaint that the court erred in refusing to permit plaintiff's witness Roy O. Wyatt a member of the Pennsylvania Motor Police, to be cross examined as to statements made by McFeaters immediately after the accident. It is argued that if the court had allowed this line of cross examination the presumption that the truck was being used in the Express Company's business would have been rebutted.

In *Felski v. Zeidman*, 281 Pa. 419, 420, 126 A. 794, relied upon by the appellant, three witnesses called by the plaintiff testified that the driver of the truck involved in the accident was not in defendant's employ, but had taken the truck without the owner's permission and was using it for his own purposes. It was held that it was not error for the court below to permit bringing out the fact by cross examination when the driver of the truck was on the stand that he drove it without authority of the owner and for his own purpose. We would have had a similar situation if McFeaters had been called by the plaintiff and on cross examination acknowledged that he was not acting within the scope

of his employment at the time of the accident. It is true that a party may on cross examination develop from an adverse witness every circumstance relating to which he has testified or is within his knowledge. It "may embrace any matter germane to the direct examination, qualifying or destroying it, or tending to develop facts which have been improperly suppressed or ignored by the plaintiff:" *Conley et al. v. Mervis,* 324 Pa. 577, 582, 188 A. 350. The decision, however, as to proper limits of cross examination is to a large extent within the sound discretion of the court and we do not reverse unless there has been a manifest abuse of that discretion and the complaining party is injured, (*Short v. Allegheny Trust Co.,* 330 Pa. 55, 59, 198 A. 793) which we do not find to be so in the present case.

The appellant argues also that it was improper to receive a verdict under which it alone was held liable. Here, as in *East Broad Top Transit Company v. Flood,* 326 Pa. 353, 192 A. 401, the appellant neither at, nor after, the trial insisted upon a verdict fixing a status of the individual defendants. The court held there that if that was desired the appellant should have objected to the verdict being received in the form that it was by either moving to amend or mold it, and the failure to take either of these steps must be regarded as having waived its rights.

The last two matters to which we have referred relate to alleged trial errors, which, if committed, would have required a new trial. In any event they do not add any strength to appellant's motion for judgment n.o.v. It has been decided many times that a court in considering motion for judgment n.o.v. can neither eliminate evidence which may have been improperly admitted, nor insert offers of evidence which should have been admitted, but must rely upon the record as it exists at the close of the trial without the correction of any errors in the admission or exclusion of evidence: *Hef-*

*fron, Admrx. v. Prudential Insurance Company of America,* 137 Pa. Superior Ct. 69, 72, 8 A. 2d 491; *Kotlikoff v. Master Admrx., et al.,* 345 Pa. 258, 264, 27 A. 2d 35.

The granting of a new trial is largely within the discretion of the trial judge. If he believes upon reasonable grounds that the verdict is against the weight of the evidence and that the plaintiff has made out a prima facie case the proper remedy is to grant a new trial: *Iacovino v. Caterino et al.,* 332 Pa. 556, 560, 2 A. 2d 828; *McCoy v. George et al.,* 149 Pa. Superior Ct. 630, 634, 27 A. 2d 658.

The order of the court below is affirmed.