Cherry, Appellant, et al., *v.* Mitosky, Admr., et al.

Argued November 30, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

re-argument refused January 23, 1946.

Michael A. Foley, with him Martin H. Yusem and Daniel G. Murphy, for appellant.

Samuel S. Herman, with him George L. Cogan, for appellee.

OPINION BY MR. JUSTICE JONES, January 8, 1946:

The Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company, the appellee, issued its policy of insurance to the Liberty Laundry Company, agreeing to indemnify the latter, within certain specified limits, against liability for damage to others that might result from the operation of an automobile owned by the insured. About eleven o'clock on the night of December 21, 1941, the policy then being in force, the minor plaintiff was struck and injured by the insured automobile which was being driven at the time by one Joseph Jones, an employee of the Laundry Company.

The minor, acting by his mother as his guardian, and the mother, in her own right, sued the Laundry Company for damages for the injuries so suffered by the minor. The Laundry Company turned the writ over to the Insurance Company as it was required to do by the terms of the policy; and the latter caused its own attorney to enter an appearance for the defendant. The attorney also duly prepared and filed an affidavit of defense which was sworn to by the president of the Laundry Company. The affidavit of defense contained the following: "It is denied that the automobile of the defendant was being operated at the time of the accident by any servant, agent, workman or employee of said defendant; and all allegations of negligence in this paragraph [paragraph 4 of the plaintiffs' statement], with reference to the said

defendant, are therefore denied. On the contrary, *it is averred. that said car was loaned to Joseph Jones, and that said Joseph Jones was using said automobile exclusively at that time on his own business or for his own pleasure,* and not upon any business of the defendant." (Emphasis supplied).

Upon the filing of the affidavit of defense, the plaintiffs proceeded no further with their suit against the Laundry Company but, thereupon, instituted a suit for damages for the same injury against the Administrator of the estate of Jones, the driver of the automobile, who had died in the meantime. The Insurance Company was duly notified of the institution of this suit and was called upon to defend but refused to do so, denying liability. The policy contained the following provision:

"EXTENDED COVERAGE. The insurance as provided by this policy, is hereby made available in the same manner and under the same conditions as it is available to the named insured, to any other person, firm or corporation using any of the automobiles described in the statements or legally responsible for the operation thereof, provided the actual use is *with the permission of the named insured."* (Emphasis supplied).

In the suit against the Administrator of Jones' estate the plaintiffs obtained judgments for want of an appearance. The amounts of the respective judgments were duly assessed with notice to the Insurance Company in sums of $15,000 in favor of the minor plaintiff and $5,000 in favor of his mother. The plaintiffs then issued writs of attachment on the judgments, summoning the Insurance Company therein as garnishee. After interrogatories by the plaintiffs, answers thereto by the garnishee and a plea of "nulla bona" by the latter, the matter was proceeded with to trial. The issue involved was whether Jones was, at the time of the injury to the minor plaintiff, driving the automobile with the permission of the insured. To establish that he was, the plaintiffs offered and the trial court admitted in evidence the allegation in the

Laundry Company's affidavit of defense as above quoted. At the time of the garnishment trial, the president of the Laundry Company, who had sworn to its affidavit of defense, also was dead.

The jury returned a verdict for the minor plaintiff against the garnishee to the extent of the latter's liability under the indemnity contract plus interest and costs. As the judgment for the minor plaintiff exceeded in amount the limit of the Insurance Company's liability ($10,000) for injuries to one person, plaintiffs' counsel elected at trial to proceed on that judgment. At the appropriate direction of the trial court, a verdict for the garnishee was accordingly returned with respect to the judgment for the mother.

The court below entered judgment n. o. v. for the garnishee on the ground that the learned trial judge had erred in admitting the allegations of the Laundry Company's affidavit of defense as evidence of the insured's permission to Jones to use the automobile for his own purposes and that, even with such evidence included, it was insufficient to spell out the permission requisite to render the "Extended Coverage" provision operative.

The entry of the judgment n. o. v. was error in any view. If the evidence of the owner's permission to Jones to use the automobile, as contained in the Laundry Company's affidavit of defense, was erroneously admitted, the only way that it could properly be excluded after trial was through the medium of a new trial where, upon the resubmission of the allegation, it could be rejected: see *Kotlikoff v. Master*, 345 Pa. 258, 265, 27 A. 2d 35. The court could not, on the garnishee's motion for judgment n. o. v., eliminate the evidence on the ground that it had been improperly received at trial and then dispose of the case on the basis of the diminished record: *Murphy v. Wolverine Express, Inc.*, 155 Pa. Superior Ct. 125, 130, 38 A. 2d 511. *Non constat* that, had the assailed evidence been denied admission in the first instance, the plaintiffs would not have been able to supply other competent evidence.

Nor is the entry of judgment for the garnishee, n. o. v., helped by the ruling of the court en banc that, even with the contested evidence included, it was incapable of proving the Laundry Company's permission to Jones to use the automobile. We do not think that the word "loaned", especially in respect of a chattel, is so strictly limited in its legal significance that the court could say, as a matter of law, that its reasonably intended sense did not include a right in the loanee to make use of "the loan" for his own purposes. Black's Law Dictionary, Second Ed. (p. 733), defines the "loan" of a chattel as "A bailment without reward; consisting of the delivery of an article by the owner to another person, to be used by the latter gratuitously, and returned either *in specie* or in kind". It was for the jury to say what meaning the word "loaned" was intended to import in the Laundry Company's affidavit with respect to Jones' possession of the automobile and his right to use it at the time of the injury. The jury having determined that issue of fact in the plaintiffs' favor, it was not permissible for the court thereafter to treat with the garnishee's motion for judgment n. o. v. in disregard of the jury's cognate finding: see *Zurcher v. Pittsburgh Railways Company*, 353 Pa. 212, 213, 44 A. 2d 581; *Delair v. McAdoo*, 324 Pa. 392, 396, 188 A. 181.

That leaves then but the question whether the statement in the Laundry Company's affidavit of defense was competent evidence against its insurer in the garnishment proceeding. We think that it was. However, in so holding, we do not predicate our ruling upon the privity of contract between the Laundry Company and the Insurance Company: cf. *Floyd v. Kulp Lumber Company*, 222 Pa. 257, 267-268, 71 A. 13. It can hardly be thought that, because of the privity of contract between an insurer and its insured without more, a statement pleaded by the insured in a proceeding to which the insurer is not a party, involving the character or extent of the insured risk, is competent evidence against the insurer in another

proceeding involving the insurer's liability for the risk. Nor do we hold that it is.

There is, however, in this case more than mere privity of contract. Here the insurer, although not a nominal party, was the substantial defendant in the plaintiffs' suit against the Laundry Company. The insurer voluntarily assumed to stand in the shoes of the insured owner of the automobile. Thus, the Insurance Company caused its own attorney to prepare and file the affidavit of defense and to enter his appearance for the Laundry Company in order to take charge of the litigation in the interest of the Insurance Company. This was done in reliance upon the Insurance Company's right so to act under the terms of its contract with the insured. The garnishee virtually concedes as much. In its brief on this appeal, it states: "Suit was started against the Liberty Laundry Company. An Affidavit of Defense was filed by *its insurance carrier*, through counsel for *it, the appellee [garnishee]*, . . . ." (Emphasis supplied). With authorized counsel so acting formally at the instance and in the interest of the Insurance Company, the latter was bound by the allegations or concessions which its attorney made in its behalf: cf. *Truby v. Seybert*, 12 Pa. 101, 105, cited with approval in *Floyd v. Kulp Lumber Company*, supra, at p. 268.

Incidentally, the affidavit of defense was effective for the intended service of the Insurance Company's then current interest. Upon the filing of the affidavit of defense alleging that at the time of the injury to the minor plaintiff the automobile was being driven by Jones for his own pleasure and on his own business under loan from the owner and not on the business of the Laundry Company, the plaintiffs abandoned their suit against the Laundry Company. That result was directly induced by the affidavit of defense filed, as the garnishee admits, for itself, "the insurance carrier", as the virtual pleader. The allegation of fact in the affidavit of defense was therefore competent and substantive evidence against

the Insurance Company as an admission against interest, albeit it was not conclusive: see *Commonwealth v. Monongahela Bridge Company,* 216 Pa. 108, 115, 64 A. 909; *Houseman v. International Navigation Company,* 214 Pa. 552, 567, 64 A. 379; *Truby v. Seybert,* supra, at p. 103; Wigmore on Evidence, Third Ed., Vol. IV, § 1066; Henry, Pennsylvania Trial Evidence § 65.

As the party in whose favor a jury's verdict is returned is entitled, on a motion for judgment n. o. v., to the benefit of all facts and inferences most favorable to him that may be drawn from "the evidence upon both sides" *(McKown v. State Mutual Life Assurance Company of Worcester,* 127 Pa. Superior Ct. 117, 125, 191 A. 621), it becomes pertinent in the instant case to consider the testimony offered by the garnishee in support of its affirmative defense which it failed to maintain.

The garnishee called as a witness an officer of the Laundry Company who testified in substance that Jones had the Company's permission to use the automobile in going to and from his home and the Laundry Company with the duty upon him to "garage" the automobile at his home overnight. Obviously this was for the purpose of limiting the extent of the permission to Jones, but the garnishee failed to prove that Jones had exceeded the limits of the permission as the garnishee had proven it to be. Thus, the garnishee proved no more than that, shortly before the injury to the minor plaintiff which occurred at 11 P. M., Jones had stopped at the home of a fellow worker in an effort to borrow money. Failing in that, he went on and the accident happened soon thereafter. There is not one word of testimony as to the location of Jones' place of residence or that of his co-worker. Nor is there any competent proof as to what time Jones had left the Laundry Company's place of business. The garnishee sought over objection to establish the latter fact by proof of a custom. But, the proffered testimony fell far short of its intended purpose. It was wholly incapable of warranting any finding as to what time Jones

408

had left the Laundry Company on the night of the accident. There was nothing, therefore, in the case to justify even an inference that Jones had exceeded the limits of his permission, as the garnishee had restricted it, or, if he had done so, that the departure was substantial: see *Laroche v. Farm Bureau Mutual Automobile Insurance Co.*, 335 Pa. 478, 482, 7 A. 2d 361, which was followed in *Freshkorn v. Marietta*, 345 Pa. 416, 419, 29 A. 2d 15. As against this, the plaintiffs were entitled to the benefit of the presumption that Jones, in driving the automobile at the time and place of the accident, was acting rightfully rather than wrongfully: cf. *Rau v. Wilkes-Barre and Eastern R. R. Co.*, 311 Pa. 510, 513, 167 A. 230; *Winlack v. Geist and Thomas*, 107 Pa. 297, 300. The garnishee's own evidence served to confirm that the case was one for the jury.

The judgment is reversed with directions that judgment be entered on the verdict for the minor plaintiff.