## Commonwealth *v.* Szocki, Appellant.

Argued October 5, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Stanley Szocki,* appellant, in propria persona.

*Herbert J. Johnson, Jr.,* District Attorney, for appellee.

OPINION BY CARR, J., December 28, 1956:

On February 16, 1955 trial was held in the Court of Oyer & Terminer of Erie County, Pennsylvania on an indictment charging the defendant, Stanley Szocki, with the burglary of a restaurant on East Lake Road in the City of Erie, and the larceny of certain money and other property from the restaurant. A verdict of guilty was returned and he was sentenced to the Western State Penitentiary for a period of not less than five nor more than fifteen years. One Stanley Szewczyk had waived indictment and entered a plea of guilty to the same charges. The appellant, Szocki, on May 8, 1956 filed a paper in the Court of Common Pleas of Erie County in the nature of a petition for a writ of habeas corpus. This petition was referred to the Court of Oyer & Terminer to be treated as a motion for a new trial and a rule was granted returnable May 22, 1956 requiring the Commonwealth to show cause why a new trial should not be had as to the defendant

Szocki. This appeal is from the refusal of the court below to grant a new trial.

In his petition to the court below the appellant alleged that the testimony of Szewczyk, the principal witness for the Commonwealth, had been given by him, ". . . at the suggestion of the arresting officers and in fear of brutality at the hands of the police officers if he failed to implicate the petitioner." To his petition Szocki attached an affidavit made by Szewczyk which stated that his testimony at the trial and his statement to the police officers after his arrest were false and had been made in fear of the third degree. The petition also alleged that the prosecuting attorney had suppressed the evidence of the results of certain lie detector tests to which he had submitted.

At the trial the principal Commonwealth witness was Stanley Szewczyk. He testified that after drinking with Szocki during the evening of January 4 and the morning of January 5, 1955, they separated about 1:00 o'clock a.m. Szewczyk then stole an automobile and went to Szocki's apartment where he woke Szocki and took him to Harry's Sandwich Shop on East Lake Road in the City of Erie. There Szewczyk gained entrance by taking out a screen and pushing in a hinged type window. After entering he opened the rear door and admitted Szocki who acted as his lookout while he broke open a cigarette machine, a juke box coin box and took a small amount of money from the cash register and a gun from a cabinet or safe. After leaving the restaurant they went to the car, which was parked three or four blocks away, and drove towards Pittsburgh, arriving there about 7:00 or 8:00 o'clock in the morning.

Evelyn B. Wilson, deputy clerk of courts, was called in rebuttal by the Commonwealth for the pur-

pose of introducing the prior criminal record of the defendant.

In the affidavit attached to the petition, Szewczyk relates approximately the same story he told at the trial concerning events up to the time when he stole the automobile. In this new version however he states that he burglarized the restaurant alone and did not go to Szocki's apartment until about 7:15 a.m. on the morning of January 5, 1955, thus exculpating Szocki.

On May 22, 1956 a hearing was held before the trial judge at which time Stanley Szewczyk was examined by the attorney who represented Szocki at the trial and by an assistant district attorney. No other witnesses were called.

In the opinion filed by the hearing judge he said, ". . . Upon careful review of Szewczyk's testimony given at Szocki's trial, we are not satisfied that the witnesses recanting testimony in this proceeding is true; and therefore a new trial will be denied."

The principal issue in this case and the only question raised both in the court below and in the appeal to this Court arises from the so-called "recantation" of Szewczyk's testimony.

The rule by which we are governed was stated in *Commonwealth v. Palarino,* 168 Pa. Superior Ct. 152, 77 A. 2d 665 quoted with approval by Chief Justice STERN in *Commonwealth v. Saunders,* 386 Pa. 149, 125 A. 2d 442. " 'We cannot interfere in this matter unless there is a plain abuse of discretion. In 16 C. J., page 1188, section 2715, the law generally upon this subject is stated that "recanting testimony is exceedingly unreliable and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true. Especially (as in this case) is this true where the recantation involves a confession of perjury. . . .' "

There is no form of proof so unreliable as recanting testimony. Com. v. Brady, 76 Pa. Superior Ct. 488; Com. v. DeGeorge, 89 Pa. Superior Ct. 188; Com. v. Mellon, 81 Pa. Superior Ct. 20.' Commonwealth v. Ruff, 92 Pa. Superior Ct. 530, 535, 536."

After a careful reading of the trial testimony, the affidavit, and the testimony at the hearing, we are in complete agreement with the trial judge. There are so many inconsistencies in the three different versions that we are unable to believe that this latest story, brought to light more than one year after the date of the trial, is the true one.

The other questions raised by the appellant are without merit and not having been raised in the court below will not be considered here. *Com. v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530.

Order affirmed.