## Commonwealth v. Hicks, Appellant.

Argued December 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

78

*Edward Jay Weiss*, for appellant.

*John H. Isom*, Assistant District Attorney, with him *David Richman*, Assistant District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., June 21, 1974:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Trial Division, of Philadelphia, by the defendant-appellant, Robert Hicks, after conviction of aggravated robbery and assault and battery before the court without a jury.

The basis of this appeal is that the appellant was denied due process of law because the Commonwealth failed to disclose its knowledge that a prosecution witness would change his testimony, as given at a preliminary hearing, at the time of trial.

At the preliminary hearing the witness testified that Jackson attacked him, grabbed him around the neck and demanded money while the appellant stood guard. At the time of the trial, he changed this testimony to make Jackson the guard or look-out while the appellant was the assailant. He explained his change in testimony on the theory that he had been threatened and was afraid to involve Hicks at the preliminary hearing. The change in testimony was not favorable to the appellant so that its only benefit to him was the change itself as it affected the credibility of the witness.

The appellant relies on *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194 (1963), which held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

However, in this case, there was no request for information concerning the Wildman testimony and the Commonwealth did not suppress the evidence. The transcript was available to the appellant and could be compared to his testimony at trial for purposes of cross-examination. In *Brady,* supra, on the other hand, the state did not turn over to the defense a co-felon's confession which the defendant had requested. The defense only became aware of the existence of this confession when it was revealed at the co-felon's subsequent trial. In the instant case, there was full disclosure so that the information could be used before cross-examination of the witness and prior to the closing of the Commonwealth's case.

And further, the change in its substance was not favorable to the appellant. All it did was change the role of the appellant from that of one who stood guard or look-out to that of one who assaulted the victim. The role of accessorial liability makes this distinction irrelevant in determining guilt or innocence and the only effect of the change was to cast the appellant in a less favorable light at sentencing. Both were given the same sentences. In this case the change, of course, could tend to decrease the credibility of the witness.

The appellant also relies on *Napue v. Illinois,* 360 U.S. 264 (1959), which held it be a violation of due process for the prosecutors to sit idly by and obtain a conviction on testimony they knew to be perjured. Here there is no contention of perjury and the Commonwealth did not sit idly by and allow discrepancies in

the witness's testimony to go by without comment and the appellant had plenty of opportunity to cross-examine in detail.

The appellant also relies on *Commonwealth v. Smith*, 417 Pa. 321, 208 A. 2d 219 (1965) and *Lewis v. Lebanon County Court of Common Pleas*, 436 Pa. 296, 260 A. 2d 184 (1969). In *Smith*, supra, the court held that it was reversible error to refuse the defendant's request for preliminary statements of witnesses for use at trial where the federal government was agreeable to turning over the statements which were in its possession. It has no application to the instant case.

In *Lewis v. Lebanon County Court of Common Pleas*, supra, the court ruled that the prosecution may not interfere with the right of a defendant to interview prosecution witnesses in advance of trial. If anything, *Lewis*, supra, lends support to the position that the appellant was not prejudiced by any action of the prosecution since by diligent investigation he could quite possibly have learned of the Wildman change in testimony.

As the court below aptly stated: "These cases are clearly inapposite for the reason that the change in Mr. Wildman's testimony would not exculpate or reduce the penalty of defendant Hicks. Defendant Hicks was not deprived of his Constitutional Rights because of the 'Co-Conspirator's Rule' which asserts where two or more persons engage in a criminal purpose, any act done by any of them which is reasonably calculated to accomplish that purpose is treated as the act of each and every one of the participants in such common purpose. Thus, all are in the eyes of the law, equally guilty. Commonwealth v. De Moss, 401 Pa. 395 (1960). May it also be noted that both the defendant and the co-defendant were given the same sentence."

As Mr. Justice Stern said in *Commonwealth v. Wable*, 382 Pa. 80, 86, 114 A. 2d 334 (1955): " 'The

general rule is that the accused has no right to the inspection or disclosure before trial of evidence in the possession of the prosecution': 2 Wharton's Criminal Evidence, 1311, 1312, 1354 (citing cases from many jurisdictions)." "At the very least, a defendant should be required to present exceptional circumstances and compelling reasons such as were present in DiJoseph's Petition, 394 Pa. 19, 145 A. 2d 187, to justify an exception to the general rule. How otherwise can law abiding communities be adequately and justly protected against the appalling crime wave which is sweeping and alarming our Country. Defendants, District Attorneys and Courts should remember that Justice is not a one way street—Justice means fairness and protection for, and Justice to Society, as well as Justice for and the protection of the basic rights of an accused." See also *Commonwealth v. Caplan*, 411 Pa. 563, 567, 192 A. 2d 894 (1963).

In *United States v. Randolph*, 456 F. 2d 132 (C.A. 3, 1972), cert. denied, 408 U.S. 926 (1972), it was held that in not permitting a defendant to discover the contents of a confession of a co-felon prior to the time the co-felon testified as a defense witness did not deprive him of due process of law. The prosecution in that case used a signed confession to impeach the co-felon witness for the defense. It was held that although it would have been helpful to the defense in devising trial strategy to have a copy of the confession, it did not come within the *Brady,* supra, rule because the contents were not favorable to the defendant.

Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

Appellant contends that he was denied due process of law because the Commonwealth failed to disclose its knowledge that a key prosecution witness would recant testimony at time of trial.

On October 13, 1972, the appellant, Robert Hicks, and his co-defendant, Jerome Jackson, were arrested and charged with aggravated robbery, assault and battery, and conspiracy. At a preliminary hearing, on November 6, 1972, one of the victims, Israel Wildman, positively identified Jackson as the man who had choked him and demanded money. He identified the appellant as the man who just stood by during the attack. Trial was held before the Honorable John R. MEADE, Judge of the Common Pleas Court of Philadelphia County, sitting without a jury, on February 13 and 14, 1973. At the trial, Mr. Wildman, the key prosecution witness, changed his testimony and positively identified the appellant as the man who had choked him and demanded his money. Primarily on the basis of this recantation, the appellant was found guilty of aggravated robbery and assault and battery, and subsequently sentenced to a 3-15 year term of imprisonment.

When confronted on cross-examination with the contradictory testimony at the preliminary hearing, Mr. Wildman declared that his reluctance to identify the appellant as the aggressor at the pre-trial hearing was prompted by threats from various people. He stated, however, that immediately after the hearing, he told the detective and the district attorney that he had falsely testified, and that the real aggressor had been the appellant. This fact was not disclosed to the defense until time of trial, three months later.

Appellant contends that he was denied due process of law because of the failure of the Commonwealth to inform the defense of the "error". Appellant argues that his entire defense was prepared on the basis of opposing appellant's alleged "tacit participation". Appellant submits that if he had known that the testimony given at the preliminary hearing would be recanted at trial, this knowledge would have influenced such crucial tactical decisions as the vigorous litiga-

tion of pre-trial motions, whether to demand a trial by jury or agree to a non-jury trial, whether to request the sequestration of witnesses, and the overall preparation of a defense. Appellant insists that the withholding of incriminating evidence of the key prosecution witness so violates his basic fundamental rights that a new trial must be granted.[1]

The appellant correctly points out that our courts take a dim view of recanted testimony. As our Supreme Court has said: "Recanting testimony is exceedingly unreliable, and . . . [t]here is no less reliable form of proof, especially when it involves an admission of perjury." *Commonwealth v. Mosteller*, 446 Pa. 83, 89, 284 A. 2d 786 (1971). Nevertheless, such testimony is admissible, and the credibility of such evidence is for the trier of fact and may only be reversed where there has been a clear abuse of discretion. *Commonwealth v. Sholder*, 201 Pa. Superior Ct. 642, 644-645, 193 A. 2d 632 (1963). In the instant case, the key prosecution witness explained that his prior inconsistent testimony had been made because of fear of reprisal. It was entirely within the trial court's discretion to accept this explanation and to find the recanted testimony as credible. The difficulty arises, however, from the fact that the testimony at trial which was the most incriminating evidence against the appellant, and which

---

[1] Appellant also argues that the testimony of Mr. Wildman was incompetent and should not have been admitted. In support of this argument, the appellant relies on 19 P.S. §682(a), which provides that the testimony of a convicted perjurer is incompetent. While it is true that Mr. Wildman changed his testimony and that the prior identification under oath was a falsehood, this is insufficient to make the recantation at trial inadmissible. The enactment which the appellant relies upon has been construed narrowly, and, this Court has even held that the testimony of a person convicted of perjury but not yet sentenced on that offense is competent and admissible. *Commonwealth v. Shadduck*, 168 Pa. Superior Ct. 376, 77 A. 2d 673 (1951).

was a complete refutation of the prior sworn testimony, was known to the Commonwealth prior to trial and withheld from the defense until the day of trial.

While prior Pennsylvania Supreme Court cases have reversed convictions because withheld testimony would have tended to exonerate or exculpate the defendant, the same considerations, as announced in these cases, should be applied to the circumstances of the instant case. In *Lewis v. Lebanon Court of Common Pleas*, 436 Pa. 296, 300, 301, 260 A. 2d 184 (1966), our Supreme Court held: "Generally speaking, an attorney who represents the Commonwealth in a criminal proceeding is unlike an ordinary party to an adversary proceeding. The interests of the Commonwealth do not require that a district attorney should win every case, but rather that justice should be done. The state has an interest in seeing that the innocent not be wrongfully punished, as well as in convicting the guilty. . . . A district attorney may not suppress evidence or secrete witnesses; indeed, such conduct may constitute a denial of due process under the United States Constitution." See also *Commonwealth v. Smith*, 417 Pa. 321, 208 A. 2d 219 (1965).

Under the facts of the instant appeal, where the Commonwealth withholds evidence that is contrary to sworn testimony at the preliminary hearing, and which seriously affects the appellant's case thereby permitting the appellant to set up a blind defense, such conduct "casts the prosecutor in the role of an architect of a proceeding that does not comport with standards of justice, even though, as in the present case, his action is not 'the result of guile'." *Brady v. Maryland*, 373 U.S. 83, 88 (1963).

The judgment of sentence should be reversed, and the case remanded for a new trial.

SPAETH, J., joins in this dissenting opinion.